UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GRANT W. GOSCH,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF IDAHO, et al.,<br><br>    Respondents. | Case No. 1:16-cv-00213-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Grant W. Gosch. (Dkt. 3.) Respondents have filed an Answer and Brief in Support of Dismissal, arguing that Petitioner's claim is procedurally defaulted and, alternatively, that the claim fails on the merits. (Dkt. 14.) Petitioner has filed a Reply (Dkt. 20), and the Petition is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondents. *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order dismissing the Petition because Petitioner's only claim is procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

In the First Judicial District Court in Kootenai County, Idaho, Petitioner pleaded guilty to felony domestic battery in violation of Idaho Code § 18-918. (Pet., Dkt. 3, at 1; State's Lodging B-4 at 1.) He received a unified sentence of eight years in prison with three years fixed, but the trial court retained jurisdiction and placed Petitioner on a rider. (State's Lodging C-6.) After two review hearings, the trial court relinquished jurisdiction and ordered execution of the underlying sentence. (State's Lodging B-4 at 1; C-7; C-8.)

Petitioner did not file a direct appeal. Petitioner states that his attorney was supposed to file an appeal, but did not, and that his attorney told Petitioner to obtain a Rule 35 packet from the jail himself and send it to the attorney's office, for purposes of filing a motion for reduction of sentence under Idaho Criminal Rule 35. (Dkt. 20 at 4.) Petitioner was unable to obtain the packet from the Kootenai County Jail.

Petitioner then filed a pro se petition for state post-conviction relief. (State's Lodging A-1 at 3-6.) The petition did not include his current claim that, due to Kootenai County's failure to provide documents to Petitioner, he was unable to file a motion for reduction of sentence under Idaho Criminal Rule 35 and, therefore, was denied his right to access the courts. Petitioner failed to respond to the post-conviction court's notice of intent to dismiss, and the court dismissed the petition. (*Id*. at 8.)

Petitioner appealed the dismissal of his post-conviction petition, raising for the first time his claim regarding his inability to file a Rule 35 motion. (State's Lodging B-1; B-3.) The Idaho Court of Appeals declined to address this issue because Petitioner raised

# BACKGROUND

In the First Judicial District Court in Kootenai County, Idaho, Petitioner pleaded guilty to felony domestic battery in violation of Idaho Code § 18-918. (Pet., Dkt. 3, at 1; State's Lodging B-4 at 1.) He received a unified sentence of eight years in prison with three years fixed, but the trial court retained jurisdiction and placed Petitioner on a rider. (State's Lodging C-6.) After two review hearings, the trial court relinquished jurisdiction and ordered execution of the underlying sentence. (State's Lodging B-4 at 1; C-7; C-8.)

Petitioner did not file a direct appeal. Petitioner states that his attorney was supposed to file an appeal, but did not, and that his attorney told Petitioner to obtain a Rule 35 packet from the jail himself and send it to the attorney's office, for purposes of filing a motion for reduction of sentence under Idaho Criminal Rule 35. (Dkt. 20 at 4.) Petitioner was unable to obtain the packet from the Kootenai County Jail.

Petitioner then filed a pro se petition for state post-conviction relief. (State's Lodging A-1 at 3-6.) The petition did not include his current claim that, due to Kootenai County's failure to provide documents to Petitioner, he was unable to file a motion for reduction of sentence under Idaho Criminal Rule 35 and, therefore, was denied his right to access the courts. Petitioner failed to respond to the post-conviction court's notice of intent to dismiss, and the court dismissed the petition. (*Id*. at 8.)

Petitioner appealed the dismissal of his post-conviction petition, raising for the first time his claim regarding his inability to file a Rule 35 motion. (State's Lodging B-1; B-3.) The Idaho Court of Appeals declined to address this issue because Petitioner raised

the issue for the first time on appeal.[1] (State's Lodging B-4 at 4-5.) Petitioner did not file a petition for review with the Idaho Supreme Court. (*See* State's Lodging B-5 (remittitur issued by Idaho Court of Appeals).)

In the instant habeas Petition, Petitioner asserts a single claim: that he was denied his right of access to the courts when Kootenai County failed to provide him with "Rule 35 paperwork/packet while [Petitioner was] housed in County Jail." (Dkt. 3 at 2.) The Court previously reviewed the Petition and allowed Petitioner to proceed on the Petition to the extent that his claim "(1) is cognizable in a federal habeas corpus action, (2) was timely filed in this Court, and (3) was either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 2.)

Respondents argue that Petitioner's claim is procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.[2]

## DISCUSSION

**1.     Standards of Law**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1.

---

[1]     The court of appeals declined to address the remaining claims on appeal because Petitioner had forfeited them by failing to support them with argument and authority. (State's Lodging B-4 at 4.)

[2]     The Court need not address Respondents' alternative merits argument.

**MEMORANDUM DECISION AND ORDER - 3**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**MEMORANDUM DECISION AND ORDER - 4**

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule and "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard . . . is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id*. (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that, "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a

constitutional question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

2.   **Petitioner's Claim Is Procedurally Defaulted**

Petitioner raised his current claim on appeal from the dismissal of his state post-conviction petition. However, the Idaho Court of Appeals declined to address the issue, reasoning that Petitioner had failed to raise it in the state district court. (State's Lodging B-4 at 4.)

The rule that an Idaho appellate court will not address claims raised for the first time on appeal is an adequate and independent procedural ground. *See Row v. State*, 21 P.3d 895, 902 (Idaho 2001) ("The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal.") (citing *State v. Fodge*, 824 P.2d 123 (1992)). An exception to this procedural rule exists for "constitutional issues . . . if such consideration is necessary for subsequent proceedings in the case," *id*., but that exception does not apply to Petitioner's claim.

Further, even if the Idaho Court of Appeals' refusal to hear the claim were improper, or if the procedural rule were not independent and adequate, Petitioner's claim would still be procedurally defaulted because Petitioner did not file a petition for review with the Idaho Supreme Court. Such a petition is a required step for proper exhaustion in Idaho.

Therefore, Petitioner's claim is procedurally defaulted.

### 3. Petitioner Has Not Established a Legal Excuse for the Default

The conclusion that Petitioner's claim is procedurally defaulted does not end the inquiry. If a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

Petitioner does not argue that cause and prejudice exist to excuse the default of his claim, but he does contend that he is actually innocent. (Dkt. 20 at 3, 5.) Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, '. . . no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'"

**MEMORANDUM DECISION AND ORDER - 7**

*United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show, by clear and convincing evidence, that *every* reasonable juror would vote to acquit. *Jenkins v. Hutton*, 137 U.S. 1769, 1772 (2017) (per curiam) (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992), for the clear and convincing evidence standard).

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

The actual innocence inquiry "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House*, 547 U.S. at 539-40 (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has submitted no credible evidence that he is actually innocent. He simply protests his innocence, which is insufficient. *See Schlup*, 513 U.S. at 324. Therefore, the procedural default of Petitioner's claim is not excused, and the Court cannot reach the merits of that claim.

## CONCLUSION

For the foregoing reasons, the Petition must be dismissed.

## ORDER

**IT IS ORDERED:**

1. Because Petitioner's only claim is procedurally defaulted, and because he has not established that the default is excused, the Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: October 25, 2017

Edward J. Lodge
United States District Judge